UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DIEGO VELASQUEZ,                                    :
           Plaintiff,                          :
                                            :
              v.                             :              C.A. No. 22-74WES
                                            :
CARLOS MARTE,                                       :
           Defendant.                           :

**REPORT AND RECOMMENDATION**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

      *Pro se*[1] Plaintiff Diego Velasquez, a citizen of Rhode Island who resides in Providence,

has sued his landlord, a citizen of Rhode Island who resides in Warwick, Rhode Island, for

breach of Plaintiff's right of quiet enjoyment of his tenancy resulting from the crowding, noise,

smells and disturbing of the peace caused by other tenants in the house.  ECF Nos. 1, 1-2, 1-3;

see ECF No. 3.  He seeks "compensation and justice."  ECF No. 1 at 4.  Accompanying his

complaint, Plaintiff has filed a motion for leave to proceed *in forma pauperis* ("IFP"), which has

been referred to me.  ECF No. 2.  Because Plaintiff has satisfied the requirements of 28 U.S.C. §

1915(a)(1), the IFP motion would be granted.  However, in light of the IFP motion, the Court is

directed to preliminarily screen the pleading pursuant to 28 U.S.C. § 1915(e)(2)(B).

      When a legal defect such as the lack of subject matter jurisdiction is obvious on the face

of a complaint, the Court must dismiss the matter at screening under § 1915.  Randall v. Brosco,

C.A. No. 18-69WES, 2018 WL 3133427, at *2 (D.R.I. March 19, 2018), adopted, 2018 WL

3128988 (D.R.I. June 26, 2018); Thomas v. Funes Towing, LLC, No. CA 15-085 ML, 2015 WL

1538009, at *2 (D.R.I. Apr. 7, 2015).  Such dismissal is consistent with the fundamental

---

[1] Because Plaintiff is *pro se*, the Court has interpreted his pleadings, including the attachments, liberally.  Instituto
de Educacion Universal Corp. v. U.S. Dep't of Educ., 209 F.3d 18, 23 (1st Cir. 2000).

principle that a "court has an obligation to inquire *sua sponte* into its subject matter jurisdiction, and to proceed no further if such jurisdiction is wanting." Flaquer v. Bevilacqua, No. C.A. 08-95ML, 2008 WL 2018182, at *2 (D.R.I. May 7, 2008) (internal quotation marks and footnote omitted).  In this instance, Plaintiff has pled no federal cause of action arising under federal law or the United States Constitution; to the contrary, as his pleading frames the issue, this case presents a landlord/tenant dispute suitable to bring in the state court (in this instance most likely, a division of the state's district court).[2]  Therefore, the only possible basis for subject matter jurisdiction is diversity of citizenship pursuant to 28 U.S.C. § 1332.  However, the pleading (together with the civil cover sheet) are clear – both Plaintiff and Defendant reside in and are citizens of Rhode Island.  Therefore, diversity jurisdiction is lacking.[3]

In light of the foregoing, I recommend that Plaintiff's complaint be summarily DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B).  Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days of its receipt.  See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d).  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision.  See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

---

[2] Plaintiff may have intended to file this case in the state district court, and not in the United States District Court for the District of Rhode Island, which is the federal court where his claim was actually filed.  Such an error is understandable due to the similarity of the names of the two courts.  Mindful that Plaintiff appears to be seeking relief somewhat urgently, I have tried to expedite this report and recommendation so that he can promptly refile his case in the correct state court, if that was his intent.

[3] The complaint also fails to meet the other requirement for diversity jurisdiction in 28 U.S.C. § 1332(a), that the amount in controversy must exceed $75,000.  For this additional reason, the Court lacks subject matter jurisdiction and the case must be dismissed.  Flaquer, 2008 WL 2018182, at *2.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
March 2, 2022